### IN THE UNITED STATED DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL HICKEY,** | * |
| **Plaintiff,** | * |
| vs. | *   CASE NO. 22-cv-159 |
| **STATE FARM FIRE AND CASUALTY COMPANY, et al.,** | * |
| **Defendants.** | * |

### NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm"), incorrectly identified in the complaint as "State Farm Fire and Casualty Insurance Company", by and through its undersigned counsel, with full reservation of all defenses, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files its Notice of Removal of this cause from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division. In support of the removal of this action, State Farm sets forth the following short and plain statement showing the grounds for removal:

### INTRODUCTION

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases. *See* 28 U.S.C. §§ 1441(b), 1446(b).

2. Plaintiff Michael Hickey (hereinafter "Plaintiff") instituted Civil Action No. CV-2022-900433, styled *Michael Hickey v. State Farm Fire and Casualty Insurance Company,* on March 18, 2022, against State Farm in the Circuit Court of Mobile County, Alabama. Pursuant to 28 U.S.C. § 1446(a), State Farm attaches as **Exhibit A** true and correct copies of all processes,

pleadings, and orders served on State Farm in this action and/or otherwise filed in the Circuit Court of Mobile County.

3. In the Complaint, Plaintiff states claims against State Farm for declaratory judgment/specific performance/appointment of an umpire, breach of contract and bad faith. *Id.* at ¶¶ 18-30. Specifically, Plaintiff alleges that State Farm issued an insurance policy to him that provided coverage to his property that was in effect on September 16, 2020. Plaintiff further alleges that his property was damaged by wind generated by Hurricane Sally on September 16, 2020 and that State Farm has failed to pay for the damages owed under the insurance policy and otherwise failed to comply with the terms of the insurance policy. *Id.* at ¶¶ 5-17. In addition to property damage, Plaintiff's Complaint seeks punitive damages. *Id.* at ¶ 30.

4. State Farm investigated Plaintiff's insurance claim and estimated that the covered damages to Plaintiff's property was $81,885.65. State Farm attaches as **Exhibit B** a true and correct copy of the Summary of Loss for Claim No. 01-11M9-17R. After applying the policy deductible and subtracting depreciation, State Farm paid $28,433.99 on the claim.

5. Plaintiff submitted his own detailed repair estimate to State Farm for the amount he claimed to be owed under the policy. Plaintiff's repair estimate, which was prepared by The Howarth Group, Inc. ("Howarth") determined that the damages to Plaintiff's property covered under the policy totaled $440,687.10. State Farm attaches as **Exhibit C** a true and correct copy of The Howarth Group, Inc. estimate that Plaintiff submitted to State Farm.

6. Plaintiff also submitted a Sworn Statement in Proof of Loss that incorporated the repair amount prepared by Howarth. State Farm attaches as **Exhibit D** Plaintiff's Sworn Statement in Proof of Loss in which Plaintiff specifically swears that the total amount of the loss to the property was $440,687.10.

7. The amount of property damage alone that Plaintiff claims to be owed under the insurance policy is at least $358,801.45 more than what State Farm determined ($440,687.10 minus $81,885.65). In addition to real property damage, Plaintiff specifically claims punitive damages. Ex. A at ¶ 30.

## NOTICE OF REMOVAL IS TIMELY

8. Plaintiff instituted this action on March 18, 2022, in the Circuit Court of Mobile County, Alabama (Ex. A). The Summons and Complaint were served upon State Farm's agent for service of process on March 24, 2022. *See* Service Return from the United States Postal Service, attached as **Exhibit E**. The Complaint was the initial pleading received by State Farm setting forth the claims for relief upon which this action is based. State Farm is filing this Notice of Removal within thirty (30) days of the receipt of the initial pleadings setting forth the claim for relief upon which this action is based. Therefore, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## THIS CIVIL ACTION IS REMOVABLE TO THIS COURT

9. This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action of which this Court has original jurisdiction pursuant to 28 USC § 1332(a)(1), in that complete diversity of citizenship exists between the Plaintiff and State Farm and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because State Farm is removing this action to the District Court of the United States for the district and division embracing the place where the action is pending.

## COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

10. The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive

of interest and costs, and because complete diversity of citizenship exists between Plaintiff and State Farm. Upon information and belief, Plaintiff is a resident of Cherokee County, Georgia. As evidence of Plaintiff's residence, State Farm attaches as **Exhibit F**, the declarations page of the insurance policy at issue listing Plaintiff's mailing address in Woodstock, Georgia, and as **Exhibit G** written claim correspondence from Plaintiff at his residence in Woodstock, Georgia. State Farm also attaches as **Exhibit H** the Mobile County Revenue property report for the property at issue which shows Plaintiff's mailing address in Woodstock, Georgia. Thus, the Plaintiff is, and was at the time of the institution of this civil action and filing of this removal, a citizen of Georgia. State Farm is and was at the institution of this civil action and the filing of this removal, a corporation organized and existing under the laws of the State of Illinois, and having its principal place of business in Bloomington, Illinois. *See* Declaration of State Farm's Assistant Secretary-Treasurer, Michael Roper, attached hereto as **Exhibit I**. As a result, State Farm is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Georgia (or Alabama) within the meaning of the Acts of Congress related to the removal of causes.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

11. If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010). Defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010). Rather, the defendant may meet its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is

proper." *Roe*, 613 F. 3d at 1061 (citations omitted). In evaluating a removing defendant's jurisdictional showing, courts do not "suspend reality, or shelve common sense," but instead "may use their judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." *Id.* at 1062 (citations omitted).

12. To determine the amount in controversy requirement, this Court should consider the detailed repair estimate previously claimed by Plaintiff. In *Silverstein v. Weather Shield Manufacturing, Inc.*, 2020 WL4044715 (S.D. Ala. 2020), the Court made a detailed analysis of invoices and quotes to determine that the amount in controversy was met. Indeed, estimates are like demand letters that contain specific information supporting a reasonable assessment of value which can then be used in determining the amount in controversy. The key, therefore, is whether the demand letter (or estimate) contains specific information supporting a reasonable assessment of value. For example, *see Hunter v. D & D Transp., Inc.*, No. 19-180-JB-C, 2019 WL 2527574, *3 (S.D. Ala. May 29, 2019) (Cassady, M.J.), *adopting report and recommendation,* 2019 WL 2527568 (S.D. Ala. June 19, 2019) (Beaverstock, J.); *see Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled a little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide specific information . . . to support the plaintiff's claims for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight.") (internal quotation marks and citations omitted). Clearly, detailed estimates showing costs of all items supplies more than a reasonable assessment of value.

13. Plaintiff's submission in this case of the detailed repair estimate prepared by Howarth is completely unlike what faced this Court in *SUA Insurance Company v. Classic Home*

*Builders, LLC*, 751 F. Supp 2nd 1245 (S.D. Ala. 2010).  In that case, *SUA*, in attempting to show amount in controversy, listed various items that needed to be repaired, however, it did not provide any evidence of what the costs of the items would be.  *Id.* at 1254.  Here, the 55-page detailed repair estimate submitted by Plaintiff provides line item estimates of costs of the specific items claimed.

14. In addition to the Howarth estimate, Plaintiff submitted a Sworn Statement in Proof of Loss in which he stated under oath that the replacement cost value of the loss was $440,687.10 and the actual cash value cost of the loss was $387,804.65.

15. The amount in controversy requirement to retain jurisdiction is clearly satisfied in this case based on the detailed repair estimate of the dwelling damages submitted on Plaintiff's behalf totaling $440,687.10 (in comparison to State Farm's Summary of Loss reflecting that the damages were $81,885.65) and Plaintiff's own Sworn Statement in Proof of Loss.  Plaintiff's demand for the claimed property damages alone is at least $358,801.45, without considering Plaintiff's claim for punitive damages.

16. In addition to the dwelling damages claimed, this Court should also consider Plaintiff's claims for punitive damages when determining the amount in controversy.  Federal courts in Alabama have repeatedly found the amount in controversy requirement to be satisfied in insurance cases when a plaintiff has claimed a specific amount of compensatory damages less than the amount required for diversity jurisdiction, plus unspecified additional damages.  *Rogers v. Hartford Life and Acc. Ins. Co.*, 2012 WL 887482 (S.D. Ala. 2012) (amount in controversy satisfied where plaintiff claimed $51,000 in unpaid insurance benefits plus emotional distress and punitive damages); *Henry v. Nationwide Ins. Co.*, 2007 WL 2409817 (S.D. Ala. 2007) (diversity jurisdiction existed where plaintiff's claim was for $35,000-$40,000 in compensatory damages

6

plus unspecified punitive damages, and stating, "In Alabama, in suits against insurance companies claiming contract breach, fraud or other intentional torts, the punitive damages verdict often exceeds the compensatory damages verdict."); *Shepherd v. State Farm Fire and Cas. Co.*, 2012 WL 3139752 (N.D. Ala. 2012) (diversity jurisdiction existed when the plaintiff claimed $38,549.19 in compensatory damages and damages in "an amount to be determined by a jury" for his bad faith claim).

17.     The potential recovery of punitive damages alone has been generally sufficient to show an amount in controversy jurisdictional requirement, even where compensatory damages are substantially less than $75,000.  *See, e.g., Krikorian v. Ford Motor Co.,* No. 1:19-00582-KD-N*,* 2019 WL 7042939 (S.D. Ala. Nov. 6, 2019) (Nelson, M.J.), *adopting report and recommendation*, 2019 WL 7038265 (S.D. Ala. Dec. 20, 2019) (DuBose, C.J.) (in action for fraud involving sale of new vehicle, where difference in value between vehicle as represented and its actual value at the time of sale was approximately $1,000, and where plaintiff alleged unspecified "out-of-pocket costs" and "aggravation and mental anguish," the prospect of punitive damages for defendant's alleged concealment of its defective transmissions demonstrated, by a preponderance of the evidence, that the amount in controversy likely exceeded $75,000); *Rogers v. Hartford Life and Acc. Ins. Co.,* No. 12-0019-WS-B, 2012 WL 887482, at *1 n.1 (S.D. Ala. March 15, 2012) (amount in controversy satisfied where plaintiff was claiming $51,000 in unpaid insurance benefits arising from death of her spouse, additional damages for punitive damages based on defendant's allegedly fraudulent conduct in denying her insurance claim); *Henry v. Nationwide Ins. Co.,* No. 06-0612-CG-M, 2007 WL 2409817, at *2 (S. D. Ala. Aug. 22, 2007) (diversity jurisdiction existed where plaintiff claimed $35,000 - $40,000 in personal property losses from burglary and sought punitive damages for bad faith denial of claim).

7

18. As recognized by this Court in *Henry*, "[i]n Alabama, in suits against insurance companies claiming contract breach, fraud or other intentional torts, the punitive damages verdict often exceeds the compensatory damages verdict." 2007 WL 2409817, at *2. By statute, in cases such as the present, not involving physical injury or a defendant which is a "small business," punitive damages may be as much as three times the compensatory damages amount or $500,000, whichever is greater. *See* Ala. Code §6-11-21(a). The Eleventh Circuit and this Court have held that a state's statutory cap on punitive damages is relevant to determining the amount in controversy. *See Ryan v. State Farm Mut. Auto. Ins. Co.* 934 F.2d 276, 277 (11th Cir. 1991); *McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 731-32 (11th Cir. 2014); *Krikorian*, 2019 WL 7038265, at *6 n. 12; *Larouse v. Hammond*, No. CV 1:18-00080-CG-N, 2018 WL 1956121, at *5 (S.D. Ala. Apr. 10, 2018) (Nelson, M.J.), *report and recommendation adopted*, No. CV 18-0080-CG-N, 2018 WL 1952526 (S.D. Ala. Apr. 25, 2018) (Granade, J.). In this case, regardless of the amount of property damages at issue, the amount in controversy is satisfied based on Plaintiff's unspecified claims for punitive damages, mental anguish and all-encompassing claim for "all other relief". (Compl. ¶¶ 21, 27).

**THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISIFED**

19. As set forth above, this Notice of Removal is filed within thirty (30) days of service of the Summons and Complaint upon the defendant State Farm.

20. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of Alabama is the appropriate court for filing a notice of removal from the Circuit Court of Mobile County, Alabama, where this action is pending.

21. The Defendant will file with the Clerk of the Circuit Court of Mobile County, Alabama, a copy of this notice and certify that it will promptly give notice of removal to all adverse parties as required by law.

WHEREFORE, State Farm Fire and Casualty Company, desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the County in which the state court action is pending, prays that the filing of this Notice of Removal with the Clerk of this Court and a copy with the Circuit Court of Mobile County, Alabama, shall effect the removal of this suit to this Court.

Respectfully submitted this the 21st day of April, 2022.

                                         **/s/ Thomas Ryan Luna**
                                         JAMES B. NEWMAN
                                         THOMAS RYAN LUNA
                                         SAMANTHA N. GUNNOE
                                         Attorneys for Defendant, State Farm
                                         Fire and Casualty Company

OF COUNSEL:

HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, Alabama 36652
(251) 432-5521 - Office
Email: jbn@helmsinglaw.com
       trl@helmsinglaw.com
       sng@helmsinglaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have on this the 21st day of April, 2022, served a copy of the foregoing pleading by electronic filing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Gary V. Conchin | Steven A. Martino |
| Kenneth B. Cole, Jr. | Joseph Dennis |
| CONCHIN, COLE, JORDAN & SHERROD | TAYLOR, MARTINO, ROWAN |
| 2404 Commerce Court SW | 455 S. Louis Street, Suite 2100 |
| Huntsville, AL 35801 | Mobile, AL 36602 |

      **/s/ Thomas Ryan Luna**
      OF COUNSEL

4895-9239-9387, v. 1